IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LAURA BYARD, | ) | |
| | ) | Civil Action No. |
|   Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| AMERISOURCEBERGEN DRUG | ) | |
| CORPORATION, | ) | |
| | ) | |
|   Defendant. | ) | |
| _____ | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Laura Byard ("Plaintiff" or "Byard"), by and through undersigned counsel, on behalf of herself and others similarly situated, and files this Complaint against AmerisourceBergen Drug Corporation ("Defendant" or "AmerisourceBergen"), and shows the following:

## I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein. Plaintiff brings this action as the representative party for all similarly situated employees of AmerisourceBergen Drug Corporation.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA").

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant AmerisourceBergen Drug Corporation is a Delaware corporation, and resides in this district.  Defendant does business in and is engaged in commerce in the state of Georgia and nationwide, both in its own capacity and through its wholly-owned subsidiaries.  Venue is proper in this district pursuant to 29 U.S.C. §216(b) and LR 3, Northern District of Georgia.

### III. Parties

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was employed by Defendant from April 1996 through

October 2012.

7.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C.

§203(e)) for Defendant.

8.

Plaintiff performed non-exempt labor for the Defendant within the last three

years.

9.

During the relevant time period, Plaintiff worked an amount of time that was

more than forty (40) hours per workweek and was not paid the overtime wage

differential.

10.

Defendant AmerisourceBergen Drug Corporation is a private employer

engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

11.

AmerisourceBergen Drug Corporation is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

12.

Defendant is governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

## IV. Factual Allegations

13.

When Plaintiff began working for AmerisourceBergen, she was hired as an Order Filler, non-exempt.

14.

Plaintiff was subsequently promoted to Customer Service Lead, a non-exempt, hourly position.

15.

Plaintiff remained a non-exempt employee until February 14, 2001 when she was placed in the position of Regulatory Compliance Manager, an exempt, salaried position.

16.

As a Regulatory Compliance Manager, Plaintiff retained many of the job duties that she had as Customer Service Lead.

17.

The last three years Plaintiff was employed at AmerisourceBergen, she held the position of Regulatory Compliance Manager.

18.

Plaintiff's primary duty was the performance of non-exempt work, specifically monitoring compliance programs through an audit checklist.

19.

Plaintiff was also responsible for relaying regulatory information to her managers, reviewing suspicious orders, and reviewing inventory reports.

20.

During the relevant time period, Plaintiff regularly worked in excess of forty (40) hours in a given work week and was not paid the overtime wage differential.

21.

At all times relevant to this action, Plaintiff's primary duty was not the management of the enterprise in which she was employed.

22.

At all times relevant to this action, Plaintiff did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities she performed.

23.

At all times relevant to this action, Plaintiff routinely worked between five to eight hours of overtime per week in the last three years.

## V.  Violation of the Overtime Wage Requirement of The Fair Labor Standards Act

24.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

25.

Defendant has violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

26.

Defendant suffered and permitted Plaintiff to routinely work more than forty (40) hours per week without overtime compensation.

27.

Defendant's actions, policies and/or practices violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

28.

Defendant knew, or showed reckless disregard for the fact that it failed to pay these individuals overtime compensation in violation of the FLSA.

29.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiffs, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

30.

Defendant's conduct was willful and in bad faith.

31.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VII. <u>Prayer for Relief</u>

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA; and,

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)   Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 8th day of March, 2013.

**BARRETT & FARAHANY, LLP**

/s/ Tremain C. Mattress
Amanda A. Farahany, Esq.
Georgia Bar No. 646135
Benjamin F. Barrett, Esq.
Georgia Bar No. 039586
Tremain C. Mattress
Georgia Bar No. 940529

8

*Attorneys for Laura Byard on behalf of herself and others similarly situated*

1100 Peachtree Street NE
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
Amanda@bf-llp.com
Ben@bf-llp.com
TMattress@bf-llp.com