# EXHIBIT A

# Settlement Agreement

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("AGREEMENT") is entered into by and between AmerisourceBergen Drug Corporation (the "Company") and Laura Byard ("Byard") (collectively, the "Parties").

## RECITALS

This AGREEMENT is made considering the following facts:

A. **WHEREAS**, Byard is a Plaintiff in a lawsuit filed against the Company that is currently pending in the United States District Court for the Northern District of Georgia, Atlanta Division. The lawsuit is styled as *Laura Byard v. AmerisourceBergen Drug Corporation*, Case No. 1:13-cv-00764-TWT and alleges that the Company violated the Fair Labor Standards Act ("FLSA") 29 U.S.C. §201, *et seq.*, and seeks damages for unpaid wages and overtime compensation and other relief (the "Lawsuit"); and,

B. **WHEREAS**, the Company denies the validity of the claims and allegations asserted in the Lawsuit and denies it is subject to any liability to Byard; and,

C. **WHEREAS**, all wages concededly due to Byard have been unconditionally paid; and,

D. **WHEREAS**, the Parties wish to resolve and settle their differences without further litigation; and,

E. **WHEREAS**, the Parties and their counsel have also concluded that the terms of this AGREEMENT are fair, reasonable, adequate and in the Parties' mutual best interests.

**NOW THEREFORE,** in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them related to the payment of wages and compensation, including but not limited to the payment of overtime:

1. **Recitals:** The Parties acknowledge that the "WHEREAS" clauses preceding Paragraph 1 are true and correct, and are incorporated herein as material parts to this AGREEMENT.

2. **Definitions:** Throughout this AGREEMENT, the term the "Company" shall include AmerisourceBergen Drug Corporation, as well as its predecessors, successors and assigns, parent corporations, subsidiary corporations, affiliated corporations and the officers, directors, trustees, insurers, owners, shareholders, partners, attorneys, agents, and employees past and present, of each of the aforesaid entities.

3. **Settlement Sum:** As consideration for Byard signing this AGREEMENT and compliance with the promises made herein, the Company agrees to pay a total of

EIGHTEEN THOUSAND TWO HUNDRED AND FIFTY DOLLARS AND ZERO CENTS ($18,250.00) as follows:

    a. The Company shall issue payment in the amount of Five Thousand Two Hundred Fifty and no/100 dollars ($5,250.00), less applicable taxes and deductions, payable to Byard. This payment shall be characterized as back wages, including alleged unpaid back overtime, and the Company will issue Byard an IRS Form W-2; and,

    b. The Company shall issue payment in the amount of Five Thousand Two Hundred Fifty and no/100 dollars ($5,250.00) payable to Byard. This amount shall be characterized as liquidated and non-wage damages, and the Company will issue Byard an IRS Form 1099; and,

    c. The Company shall issue payment in the amount of Seven Thousand Seven Hundred Fifty and no/100 dollars ($7,750.00) payable to Barrett & Farahany, LLP, tax identification number 58-2591514, for the work the law firm and its attorneys performed on behalf of Byard related to the Lawsuit and the released claims. The Company will issue Barrett & Farahany, LLP an IRS Form 1099.

    d. The Company shall provide the consideration identified in this Paragraph 3 within ten (10) business days after the Company's counsel has received each of the following: a copy of this AGREEMENT appropriately signed and dated by Byard; an IRS Form W-9 fully executed by Byard; an IRS Form W-9 fully executed by counsel for Byard; a signed and unrevoked separate settlement agreement wherein Byard waives all non-wage and compensation related claims against the Company related to her employment with the Company, pursuant to which additional consideration will be provided to Byard as described in said separate settlement agreement addressing non-Fair Labor Standards Act ("FLSA") claims; and an Order from the Court approving the settlement between the Parties of the FLSA claims. Byard agrees to join in the filing in the Lawsuit of a Stipulation of Dismissal With Prejudice dismissing, with prejudice, all claims against the Company after the Court approves the Parties' settlement, in the event an order from the Court approves the Parties' settlement but does not otherwise explicitly dismiss all of Byard's claims in the Lawsuit with prejudice.

4. **Consideration:** Byard understands and agrees that she would not receive the monies and/or benefits specified in Paragraph 3 above but for her execution of this AGREEMENT and the fulfillment of the promises contained herein.

5. **Release of Claims:** In exchange for, and in consideration of, the payments, benefits, and other commitments described above, Byard agrees to the dismissal with prejudice of the Lawsuit filed against the Company and any other claims or assertions of liability that may exist. In addition, Byard for herself and for each of her heirs, executors, administrators and assigns, hereby fully releases, acquits, and forever discharges the Company of and from any and all wage and compensation (including overtime) related claims, liabilities, causes of action, demands to any rights, damages, costs, attorneys' fees, expenses, and

2

compensation whatsoever, of whatever kind or nature, in law, equity or otherwise, whether known or unknown, vested or contingent, suspected or unsuspected, that Byard may now have, has ever had, or hereafter may have that arose prior to the date of this AGREEMENT and relating directly or indirectly to the allegations in the Lawsuit, including, but not limited to, claims for wages or overtime under the FLSA, or any other wage or compensation related statute (including the Georgia Minimum Wage Law, Ga. Code Ann. § 34-4-1 *et seq.*), ordinance, regulation, contract or theory, including but not limited to claims for back pay; front pay; overtime, damages; liquidated damages, attorneys' fees or costs. Byard forgoes any and all rights to participate in a class or collective action alleging violations of any of the above laws, and Byard further covenants and agrees not to accept, recover or receive any back pay, front pay, overtime, liquidated damages, compensatory damages, punitive damages, other damages or any form of relief based upon any claims asserted or settled in the Lawsuit.

This AGREEMENT does not waive Byard's right to file a complaint with an administrative agency or her right to participate in any agency investigation. Byard is waiving, however, any right to recover money in connection with any agency complaint or investigation.

This AGREEMENT shall not apply to rights or claims that may arise after Byard signs this AGREEMENT; nor shall any provision of this AGREEMENT be interpreted to waive, release, or extinguish any rights that – by express and unequivocal terms of law – may not under these circumstances be waived, released, or extinguished.

6. **Tax Liability:** Byard understands that the Company shall issue IRS Form 1099s for the payments specified in Paragraph 3(b) and (c) of this AGREEMENT. In paying the amount specified in Paragraph 3(b) and (c), the Company makes no representation regarding the tax consequences or liability arising from said payments.

7. **Affirmations:** Byard represents and affirms that, other than the Lawsuit referenced herein, she has no suits, claims, charges, complaints or demands of any kind whatsoever currently pending against the Company with any local, state, or federal court or any governmental, administrative, investigative, civil rights or other agency or board. Byard further represents that she has not filed a lawsuit, otherwise initiated litigation, or sought to assert claims identified in the Lawsuit in any other court pursuant to the claims asserted therein. Byard further represents and affirms as a material term of this AGREEMENT that she has been paid and/or received all compensation and/or benefits to which she may be entitled from the Company or due to services she performed for the Company and that no compensation and/or benefits from the Company or due to services she performed for the Company are due her, except as provided for in this AGREEMENT.

8. **No Further Employment:** Byard acknowledges that her employment with the Company has ended, and Byard permanently, unequivocally, and unconditionally waives any and all rights Byard may now have, may have had in the past, or may have in the future to obtain or resume employment with the Company or to do business for or with the Company through a third party. Byard agrees never to apply for employment with the Company. In the event that Byard is ever mistakenly employed by the Company, she

3

agrees to have her employment terminated with no resulting claim or cause of action against the Company or any of the Company's successors, affiliates, parents and/or subsidiaries.

9. **No Assignment:** The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this AGREEMENT, that the Parties have the sole right and exclusive authority to execute this AGREEMENT, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this AGREEMENT.

10. **Neutral Reference.** The Parties agree that any request for a reference sought from the Company shall be directed to Donna Kuchwara, Regional Human Resources Director, South Region, 501 Patriot Parkway, Roanoke, Texas 76262, and that in response the Company shall provide only the dates of employment and positions held by Byard.

11. **Governing Law and Jurisdiction:** This AGREEMENT shall be governed and conformed in accordance with the laws of the State of Georgia.

12. **No Admission of Liability:** The Parties agree that neither this AGREEMENT nor the furnishing of the consideration for this AGREEMENT shall be deemed or construed at any time for any purpose as an admission by the Company of any liability or unlawful conduct of any kind. The Company is entering into this AGREEMENT solely to avoid the expense and inconvenience of litigation, and specifically disclaims any liability to, any breach of any duty or obligation to, or any unlawful action against Byard or any other person.

13. **Headings:** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

14. **Modification of Agreement:** This AGREEMENT may not be amended, revoked, changed, or modified in any way, except in writing executed by both Parties. Byard agrees not to make any claim at any time or place that this AGREEMENT has been verbally modified in any respect whatsoever. No waiver of any provision of this AGREEMENT will be valid unless it is in writing and signed by the party against whom such waiver is charged. The Parties acknowledge that only the President of the Company has the authority to modify this AGREEMENT on behalf of the Company.

15. **Interpretation:** The language of all parts of this AGREEMENT shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This AGREEMENT has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the AGREEMENT.

To the extent that any release or dismissal in this AGREEMENT is deemed to be illegal, invalid, or unenforceable, Byard agrees to execute a valid release of equal scope in favor of the Company in exchange for the payments set forth in Paragraph 3 of this AGREEMENT in the event such payments have not already been made.

16. **Binding Nature of Agreement:** This AGREEMENT shall be binding upon both Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

17. **Entire Agreement:** This AGREEMENT is consistent with the agreement to resolve Byard's wage and compensation related claims, including overtime claims under the FLSA, reached in principle between the parties in mediation before mediator Adrienne Fechter on August 27, 2013, sets forth the entire AGREEMENT between the parties hereto with respect to the Lawsuit, and fully supersedes any prior obligation of the Company to Byard. Byard acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to accept this AGREEMENT, except for those set forth in this AGREEMENT.

18. **Selective Enforcement:** The Parties agree that the failure of any party to enforce or exercise any right, condition, term, or provision of this AGREEMENT shall not be construed as or deemed a relinquishment or waiver thereof, and the same shall continue in full force and effect.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this AGREEMENT as of the date set forth below:

Dated: 10/8/13

Dated: 03Oct2013

AmerisourceBergen Drug Corporation
By: _____

By: _____
Laura Byard

Firmwide:123412586.3 043186.2050

5